IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR C-09-784M |
| | § | |
| FRED ROSIN | § | |

## MEMORANDUM OPINION AND JUDGMENT

Defendant, Fred Rosin, was cited for a parking violation at the Padre Island National Seashore. (D.E. 1). Because this incident occurred on a national park, jurisdiction is proper in this Court. 18 U.S.C. § 7; 16 U.S.C. § 459d. A bench trial was held on September 16, 2009.

## TRIAL TESTIMONY

The Government called United States National Park Service Ranger Louis Wheeler. He testified that he has worked for the Park Service as a ranger since March 1993. Additionally, he has worked in state law enforcement as well as in the military for over eighteen years. During his work as a park ranger, he has routinely issued traffic citations.

Padre Island National Seashore includes a recreation area called Bird Island Basin that has a boat ramp. The Bird Island Basin has a parking lot that has places for 106 vehicles with trailers for utilizing the boat ramp. At the entrance to this parking lot, a sign indicates that there are 106 such spaces. Posted throughout the lot are signs that read "Vehicle Trailer Combination Parking Only." Ranger Wheeler testified that there were approximately eight such signs throughout the lot. He further explained that the purpose of the area was to provide parking predominantly for people who brought their boats by trailer for launching into the water.

At one end of the Bird Island Basin parking lot, there are four spaces for single vehicles with signs indicating that they are vehicles without trailers. There are painted lines on the ground that are

approximately the length of a single vehicle. Ranger Wheeler acknowledged that there was no sign upon entering the Bird Island Basin boat ramp lot indicating the number of parking spaces for singular vehicles.

Ranger Wheeler also admitted that there was no lights in the parking lot. There had previously been a large street light, but it was stolen. There was never any lighting on the individual signs posted throughout the parking lot.

Adjacent to the Bird Island Basin parking lot is a wilderness area that provides campsites as well as parking for single vehicles of people who windsurf, kayak, or fish in the bay. According to Ranger Wheeler, this parking area is about fifty yards from the Bird Island Basin boat ramp parking lot and accessible by a well-worn footpath.

On May 29, 2009, Ranger Wheeler was on patrol in the Bird Island Basin boat ramp parking lot. He noticed a silver vehicle registered to Mr. Rosin parked improperly. Consequently, he issued Citation No. 1834033 pursuant to 36 C.F.R. § 1.5(a) for parking in an area reserved for vehicles with trailers.

Mr. Rosin testified that, during the afternoon of May 28, 2009, he and his wife decided to travel from San Antonio to Padre Island National Seashore to camp. They camped in an area south of the Bird Island Basin parking lot and the adjacent parking lot. They had agreed to meet Mr. Rosin's friend at the Bird Island Basin boat ramp to go fishing at 6:00 a.m. on May 29, 2009.

During the night Mr. Rosin and his wife heard coyotes. Consequently, they decided against walking from where they had camped to meet his friend. Instead, they drove his vehicle to the Bird Island Basin parking lot. As he drove into the parking lot, he noticed the sign indicating that there was 106 parking spaces for vehicles with trailers. The first place he parked, he realized was an area

for vehicles towing trailers. Consequently, he moved and was about to park in another spot, but noticed that it was also for vehicles with trailers.

Mr. Rosin saw a green truck without a trailer parked in the lot so he decided that was an appropriate area for him to park his vehicle. After fishing, he returned to find that his car had a ticket for a parking violation. He spoke with Ranger Wheeler about the ticket and learned that the green truck also received a citation for improperly parking without a trailer.

Mr. Rosin testified that he believed the signs were inadequate. He explained that they did not face oncoming traffic, which makes it difficult for drivers to read them. Moreover, he indicated that the signs were too low and could be easily obstructed by parked vehicles.

## DISCUSSION

The National Park Service has issued regulations that permit limitations on public use of park property. At issue here are regulations that close a portion of the Bird Island Basin boat ramp parking lot to parking by vehicles without trailers. See 36 C.F.R. § 1.5(a). The evidence supports a finding that Mr. Rosin violated the park regulations and improperly parked his vehicle.

First, Mr. Rosin admitted that he parked in an area reserved only for vehicles with trailers and that he did not have a trailer. See Stecher v. State, 371 S.W.2d 568, 569-70 (Tex. Crim. App. 1963) (defendant's admission that he parked his car in a loading zone supports conviction). Moreover, he indicated that he initially parked in an area that he determined, based on a posted sign, was reserved for vehicles with trailers. Upon approaching a second area within the same parking lot, he again determined, based on a posted sign, that it was impermissible for him to park there because he did not have a trailer. Observing another vehicle without a trailer parked in a third area of the lot, he parked his vehicle near it. However, this area was also parking only for vehicles with trailers.

Mr. Rosin asserts that he had never been to Bird Island Basin before and thus was unfamiliar

with the parking rules and regulations.  He cannot be exonerated from his parking violation simply because he has never been to this national park.  See Hall v. State, 935 S.W.2d 852, 854 (Tex. App. 1996).

Moreover, Mr. Rosin suggests that he is not culpable because the posted signs were inadequate.  This argument ignores the fact that there were eight signs indicating parking only for vehicles with trailers posted throughout the parking lot.  See Marsh v. State, 613 S.W.2d 294, 297 (Tex. Crim. App. 1981) (en banc) (undisputed testimony about the existence of a sign may support conviction); accord Guzman v. State, 760 S.W.2d 776, 777 (Tex. App. 1988) (citations omitted).  Indeed, he determined that he could not park his car in two other areas based on posted signs, but simply parked in the spot where he was cited because he saw another vehicle without a trailer parked there.  Even if he did not see any signs barring him from parking where he was cited, this argument is not prevailing, especially where he knew of other restrictions.  See Hall, 935 S.W.2d at 854.

National Park Service regulations dictate that "[a] person convicted of violating any provision of the regulations [concerning parking] ... shall be punished by a fine as provided by law and shall be adjudged to pay all costs of the proceedings."  36 C.F.R. § 1.3(c) (citing 16 U.S.C. § 462).  Congress has established that "[a]ny person violating any of the [National Park Service] rules and regulations ... shall be punished by a fine of not more than $500 and be adjudged to pay all costs of the proceedings."  16 U.S.C. § 462(k).

## CONCLUSION

The government has met its burden and the defendant is found guilty of improperly parking his vehicle at the Bird Island Basin parking lot in an area reserved only for vehicles with trailers.  Accordingly, he is fined $100.00 and assessed the $25.00 processing fee.  Defendant is ordered to pay $125.00 to the Clerk of the Court no later than December 18, 2009.  Defendant is also obligated

to perform ten hours of community service within a year of the date of this order and provide a certified statement of his completion of this obligation.

ORDERED this 18th day of September 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO APPEAL

The Clerk will file this Decision and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Decision, defendant may appeal the conviction or the sentence imposed to the District Court. See Fed. R. Crim. P. 58(c)(4); see also 18 U.S.C. § 3402. In order to appeal the conviction or the sentence, defendant must file a notice of appeal within **TEN (10) DAYS** with the Clerk of the Court and specify the judgment being appealed. Fed. R. Crim. P. 58(g)(2). Defendant must also serve a copy of the notice of appeal on the attorney for the government. Id. An appeal to the District Court requires a filing fee of $32.00. If defendant is unable to afford to appeal this Decision to the District Court, then defendant may file a motion to proceed *in forma pauperis*.